**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **REQUEST FOR A CERTIFICATE OF** |
| | ) | **APPEALABILITY** |
| vs. | ) | |
| | ) | |
| Shondo Billie, | ) | |
| | ) | Case No. 4:05-cr-012 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Shondo Billie, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-cv-072 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's "Motion for Certificate of Appealability Pursuant to 28 U.S.C. § 2253" filed on September 18, 2008. See Docket No. 85. On September 19, 2008, the Government filed a response in opposition to the motion. See Docket No. 86. For the reasons set forth below, the Defendant's motion is denied.

On September 17, 2008, the Court denied the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 84. The defendant, Shondo Billie, now moves for a certificate of appealability on the same grounds argued in his Section 2255 motion. Billie contends that: (1) defense counsel was ineffective under the Fifth and Sixth Amendments of the United States Constitution for waiting until the day of trial to challenge the admissibility of statements that Billie made to FBI agents; (2) defense counsel was ineffective under

the Fifth and Sixth Amendments for failing to object to the admission of testimony pertaining to Dr. Blaufuss; (3) defense counsel was ineffective under the Fifth and Sixth Amendments for failing to properly investigate the circumstances surrounding the statements that Billie made to FBI agents; (4) defense counsel was ineffective under the Fifth and Sixth Amendments for failing to properly review the presentence investigation report (PSR) with Billie; (5) defense counsel was ineffective for failing to consult with Billie about possible issues on appeal; and (6) this Court erred when it denied Billie's request for an evidentiary hearing on these claims.

28 U.S.C. § 2253 provides that a certificate of appealability may be issued if the applicant has "made a substantial showing of the denial of a constitutional right." Billie has failed to do so and has only provided unsubstantiated allegations to support his motion. The Court finds that Billie has failed to satisfy 28 U.S.C. § 2253. Accordingly, the request for a certificate of appealability (Docket No. 85) is **DENIED**.

If Billie desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Court of Appeals for the Eighth Circuit in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 29th day of September, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court